HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID J. DEJEU,

    Plaintiff,

v.

WASHINTTON STATE DEPARTMENT OF LABOR AND INDUSTRIES,

    Defendant.

CASE NO. C13-5401RBL

ORDER

THIS MATTER is before the Court on Defendant's FRCP 12(b)(6) Motion to Dismiss [Dkt. #16]. The Court has reviewed the materials filed in support and in opposition to the motion, and for the following reasons, GRANTS the Motion to Dismiss.

Plaintiff's Complaint is full of conclusory claims. Plaintiff asserts: "criminal" and "human rights violations," alleging that state employees "violated their oath of office, and therefore . . . are criminals." The most specific allegations proffered by Plaintiff are that the State deprived him of his First, Fifth and Thirteenth Amendment rights, violated his privacy rights under the Privacy Act of 1974, falsely advertised, defamed him, and discriminated against him.

1        Plaintiff claims that by fining him for failure to register as a contractor with L&I, the

2   State interfered with his ability to make a living, and violated his constitutional rights.  Plaintiff

3   was not listed on L&I's website because he refused to list his Social Security Number during the

4   on-line registration process.  This information is statutorily required by RCW 18.27.030.  L&I

5   also disclosed Mr. Dejeu's violation on its website, since he failed to register, in violation of

6   RCW 8.27.200(1)(a), and did not pay the $1,000 fine levied against him.  All of L&I's actions

7   were taken in accordance with state law.

8        A motion to dismiss for failure to state a claim upon which relief can be granted is

9   governed by FRCP 12(b).  An action is appropriately dismissed under FRCP 12(b)(6) when a

10  complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.

11  *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).  Put differently,

12  12(b)(6) applies when "it appears beyond doubt that the plaintiff can prove no set of facts,

13  consistent with the complaint, which would entitle the plaintiff to relief." *Yurtis v. Phipps*, 143

14  Wn. App. 680, 689, 181 P.3d 849, 854 (2008).  To survive a 12(b)(6) motion, Plaintiff must

15  proffer facts sufficient to raise a right to relief above the speculative level.  *Bell Atlantic Corp. v.*

16  *Twombly*, 127 U.S. 544 (2007).  Essentially, Plaintiff must offer non-conclusory, factual

17  statements that plausibly suggest a claim entitling him to relief.  *See Moss v. U.S. Secret Serv.*,

18  572 F.3d 9623, 969 (9th Cir. 2009).

19       A motion to dismiss under FRCP 12(b)(6) should be granted sparingly, and only in cases

20  where ". . . plaintiff includes allegations that show on the face of the complaint that there is some

21  insuperable bar to relief." *M.H. v. Corp. of Catholic Archbishop of Seattle*, 162 Wn. App. 183,

22  189, 252 P.3d 914, 918 (2011) (quoting *Tenore v. AT&T Wireless Servs.*, 126 Wn.2d 322, 330

23  P.2d 104 (1988)).  This standard protects a plaintiff's interest in adjudicating the merits of his

24

ORDER - 2

case. *Gaspar v. Peshastin Hi-Up Growers*, 131 Wn. App. 630, 128 P.3d 627 (2006). However, dismissal under 12(b)(6) is still proper in the absence of any cognizable, non-speculative basis for liability, and where there is an "insuperable bar to relief." *See Gaspar*, 131 Wn. App. At 630.

The claims asserted by Plaintiff are subject to dismissal as a matter of law for two basic reasons. First, the State of Washington maintains Eleventh Amendment immunity from claims brought in Federal Court under 42 U.S.C. § 1983. And second, Plaintiff fails to state any claim upon which relief can be granted, and his complaint is subject to dismissal under FRCP 12(b)(6).

In enacting 42 U.S.C. § 1983, Congress did not override the State's Eleventh Amendment immunity to actions for damages in federal court. *Florida Dep't. of Health & Rehab. Servs. V. Florida Nursing Home Ass'n.*, 450 U.S. 147, 101 S. Ct. 1032, 67 L. Ed. 2d 132 (1981). A state can waive its Eleventh Amendment immunity. *McLaughlin v. Board of Trustees*, 215 F.3d 1168 (10th Cir. 2000). However, a state's general waiver of its sovereign immunity is not considered a waiver of the Eleventh Amendment immunity. *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988). The Eleventh Amendment precludes actions for damages against a state in federal court under §1983. *Doe v. Lawrence Livermore Nat'l Laboratory*, 131 F.3d 836, 839 (9th Cir. 1977).

The Washington State Supreme Court holds that the State's waiver of sovereign immunity neither constitutes a waiver of Eleventh Amendment immunity, nor subject it to suit under § 1983. *Rains v. State*, 100 Wn.2d 660, 674 P.2d 165 (1983). In reaching this holding, the Supreme Court found ". . . no express legislative indication that the State [of Washington had] consented to suit in federal court for civil rights actions." *Rains*, 100 Wn.2d at 667, 674 P.2d at 170. Claims under 42 U.S.C. § 1983 must be pursued against those individuals alleged to have committed a civil rights violation. *See Id.*; *Edgar v. State*, 92 Wn.2d 217, 221, 595 P.2d 534 (1979).

1       Here, Plaintiff has improperly named the State as a defendant to a § 1983 suit in federal
2 court.  As a matter of law, the State of Washington is immune from actions for damages in
3 federal court brought under 42 U.S.C. § 1983.  According, Plaintiff's claim against the State of
4 Washington must be dismissed.
5       Moreover, Plaintiff cannot demonstrate any set of facts that would entitle him to relief.
6 His allegations are purely speculative.  Though Plaintiff alleges multiple constitutional violations
7 by the State, there is no evidence whatsoever of any infringement on his First, Fifth or Thirteenth
8 Amendment rights.  Plaintiff's discrimination allegation is not based on a constitutionally
9 protected distinction.  Plaintiff's defamation allegation is not cognizable as a matter of law.  The
10 State's requirement that Plaintiff disclose his Social Security Number in order to register with
11 L&I does not violate the Privacy Act of 1974.  Plaintiff's allegations that L&I's adherence to the
12 RCWs violated his right is patently unreasonable.  In short, Plaintiff can prove no set of facts to
13 sustain his various claims for constitutional violations on the part of L&I and the State of
14 Washington.  Plaintiff's claim is subject to the "insuperable bar" of the Eleventh Amendment.
15       Defendant's Motion to Dismiss [Dkt. #16] pursuant to FRCP 12(b)(6) is hereby
16 **GRANTED** and plaintiff's action is **DISMISSED** with prejudice**.**
17       Dated this 27th day of September, 2013.

                                                    RONALD B. LEIGHTON
                                                    UNITED STATES DISTRICT JUDGE